# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                **Case No. 09-CR-248**

**TYRONE MALONE**
    **Defendant.**

## ORDER

On March 24, 2011, I sentenced defendant Tyrone Malone to 77 months in prison followed by 4 years of supervised release on his guilty plea to conspiracy to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine. Defendant completed the prison sentence and commenced supervision on May 23, 2014. On October 12, 2016, defendant filed a motion for early termination of supervised release. I directed the government to respond and allowed defendant to reply. I now deny the motion.

### I.

Pursuant to 18 U.S.C. § 3583(1), the court may grant early termination if: (1) the defendant has completed at least one year of supervision; (2) the government has been given notice and an opportunity to be heard; and (3) the court finds that termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). E.g., United States v. Smith, No. 09-CR-20, 2016 BL 43385, at *1 (E.D. Wis. Feb. 15, 2016). The first two criteria are met in this case; the issue is whether termination would be in the interest of justice.

"[T]he district court has wide discretion in determining whether to terminate an

individual's term of supervised release." United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). The court must consider the applicable § 3553(a) factors, although it need not make explicit findings as to each one.[1] United States v. Lowe, 632 F.3d 996, 998 (7th Cir. 2011). In considering the defendant's conduct on supervision, courts have generally required more than mere compliance before granting early termination. E.g., Folks v. United States, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010 (collecting cases). Courts have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen circumstance otherwise supports a reduction of the original supervision term. See, e.g., United States v. White, No. 06-CR-50, 2012 BL 275841, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases); United States v. O'Hara, No. 00-CR-170, 2011 BL 458029, at *3 (E.D. Wis. Sept. 16, 2011) (collecting cases).

The defendant bears the burden of demonstrating that early termination is warranted. White, 2012 BL 275841, at *2 (citing United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006); United States v. Weintraub, 371 F. Supp. 2d 164, 167 (D. Conn. 2005); United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D. N.Y. 2005)). The court need not hold a hearing before denying such a motion. United States v. Curry, No. 09-30026-DRH, 2016 BL 269382, at *1-2 (S.D. Ill. Aug. 18, 2016) (citing United States v. Nonahal, 338 F.3d 668, 671 (7th Cir.

---

[1]The statutory factors include the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the need for the sentence imposed to afford adequate deterrence to criminal conduct, § 3553(a)(2)(B), to protect the public from further crimes of the defendant, § 3553(a)(2)(C), and to provide the defendant with correctional treatment in the most effective manner, § 3553(a)(2)(D); the guidelines and any pertinent policy statements issued by the Sentencing Commission, § 3553(a)(4) & (a)(5); the need to avoid unwarranted sentencing disparities, § 3553 (a)(6); and the need to provide restitution to any victims of the offense, § 3553(a)(7).

2

2003); United States v. Reagan, 162 Fed. Appx. 912, 913 (11th Cir. 2006)).

**II.**

Defendant bases his request on his employment, providing a letter from his employer praising his character; his acceptance into a CDL driving course, which may lead to employment as an over-the-road truck driver; and his involvement in the community, including volunteer work for the Urban League and a speaking engagement at a stop the violence rally. He further indicates that he is up to date on child support payments, has become a care-giver for his mother, and plans on re-enrolling in college to complete his associates degree in human resources. He also attaches certificates he earned in prison.

These are commendable accomplishments. However, defendant overlooks the serious compliance issues he had earlier in the supervision term. As the supervising probation officer indicated in a report to the court dated September 24, 2015, defendant committed several violations related to illegal drug use. Between June 2014 and April 2015, defendant submitted several random urinalysis tests, all of which were negative for illicit substances. However, on April 22, 2015, he tested positive for THC and subsequently admitted using marijuana. At that time, he vehemently denied the need or desire for substance abuse counseling. Nevertheless, he continued to test positive: on May 20, 2015, June 5, 2015, June 22, 2015, July 9, 2015, July 22, 2015, and August 5, 2015. He indicated that he began using because he had been removed from random urinalysis testing, and that he felt entitled to use because he was employed and stable.[2] Defendant further violated his conditions by missing a urinalysis test

---

[2]Defendant eventually acknowledged his thinking errors during this time and recognized negative peer associations as triggers to marijuana use. He tested negative on August 19, 2015, and I have been not been advised on any subsequent positives.

3

on December 8, 2014, receiving a traffic citation on February 27, 2015, and failing to notify his supervising officer of changes to his residence on July 6, 2015. Despite these violations, the probation officer recommended no action at that time, as the most recent drug test was negative, defendant had maintained a stable residence, remained employed, and accomplished a couple of goals while on supervised release. I agreed and allowed supervision to continue.

As defendant indicates in his reply, he has avoided further violations since the September 2015 report.[3] Nevertheless, based on the earlier violations, I cannot conclude that defendant's conduct on supervision, overall, has been exceptionally good. Defendant indicates that, if he becomes a truck driver, travel restrictions would hinder his work. Interference with employment or other positive endeavors can be a reason for terminating supervision, but defendant has not yet completed the course and obtained employment as a driver, so his concern is premature; because the probation officer may grant permission for out of district travel, the concern is also speculative. See White, 2012 BL 275841, at *3 (rejecting as speculative argument that supervision would interfere with work as a CDL truck driver). Defendant provides no other grounds for concluding that the original supervision term should be shortened.

Consideration of the § 3553(a) factors also supports denial. Defendant has a substantial prior record, including convictions for retail theft in 1988, possession with intent to deliver cocaine in 1989, disorderly conduct in 1992, obstructing an officer in 1993, possession of cocaine and marijuana in 1993, resisting/obstructing and operating after revocation in 1995,

---

[3]Defendant does not deny the violations. Rather, he objects to their consideration given his compliance over the past year-plus.

4

bail jumping in 1997, and marijuana possession in 1997 and 2007. He was on probation for the 2007 marijuana case when he committed the instant offense, leading to revocation. The original pre-sentence report also documented issues with marijuana abuse, which continued during the instant supervision term. See 18 U.S.C. § 3553(a)(1). Given these issues, continued supervision is warranted to deter further violations of law, § 3553(a)(2)(B), to protect the public, § 3553(a)(2)(C), and to ensure that defendant avoids further illegal drug use, § 3553(a)(2)(D).[4]

**III.**

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 1600) is **DENIED**.[5]

Dated at Milwaukee, Wisconsin, this 12th day of December, 2016.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[4] The Sentencing Commission encourages district courts to grant early termination in appropriate cases. U.S.S.G. § 5D1.2 cmt. n.5. "For example, the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant." Id. Defendant has denied the need for treatment, and for the reasons stated in the text I do not find termination appropriate in this case.

[5] In his motion, defendant requests appointed counsel. There is no right to appointed counsel in these circumstances, see United States v. Leones, No. 4:11-cr-00298-BLW-7, 2016 BL 309179 (D. Idaho Sept. 19, 2016); 18 U.S.C. § 3006A(a)(1)(E), and defendant provides no grounds for recruiting counsel.

5